UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>*Plaintiff* )<br>)<br>)  **Civil Action No.**<br>v. )<br>)<br>LAWRENCE SUMMERS )<br>)<br>ELIZA KAGAN. )<br>)<br>HARRY MARTIN )<br>)<br>*Defendants* ) | 05-11927 *22 September 2005*<br>*Referred to MJ RBColl* |

### VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, PUNITIVE AND COMPENSATORY RELIEF AND REQUEST FOR A JURY TRIAL

The Plaintiff is seeking prospective injunctive relief from the Court to protect his equa[l]

right as any other member of the Public to access the government document collection

("Government Document Collection") housed in the Langdell Law Library at Harvard Law

School ("Law Library"). The U. S. Government Printing Office ("GPO") has designated the L[aw]

Library — pursuant to the provisions of the Federal Depository Library Act — as a member

library of its Federal Depository Library Program ("FDLP"). See 44 U. S. C. §§ 1901 *et seq.*

The Congress established the FDLP through the Federal Depository Library Act and it impos[es]

on all public and private operators of any member FDLP library a non-discretionary mandate [to]

afford all members of the Public equal access to its library during its regular business hours.

44 U. S. C. § 1911. The Defendants — administrators of the Law Library — are currently

denying the Plaintiff his statutory right of access to the Law Library and are threatening to ha[ve]

the Plaintiff arrested for criminal trespass at any time in the future when he peacefully attemp[ts]

to enter — as any other member of the Public — the Law Library during its regular business hours to seek access to its Government Document Collection. See the Massachusetts' Crimina Trespass Law — 266 M. G. L. § 120. The Plaintiff — Richard Max Strahan — is seeking an order from the Court requiring that the Defendants afford Strahan access to the Government Document Collection at the Law Library as required by law and otherwise as now equally enjoyed by any other member of the Public.

1. Strahan is also seeking an order against the Defendants for an order to cease an desist their fraudulent business practice of denying access to the Law Library to the social cas ("Bums") of members of the Public that to the staff of the Law Library appear to be indigent. The Defendants also engage in other unlawful practices. They have never designated deputize security guards working for Harvard University with any exclusive or otherwise authority to determine who or who cannot be on Harvard University property either temporarily or permanently. Despite this they encourage and these same security guards on their own and wi no basis in law to selectively ban Bums and other members of the Public from Harvard University property and otherwise to falsely arrest these said people for criminal trespass witl t any probable cause to do so.

2. Strahan is also seeking an award for compensatory and punitive damages from ɔ Defendants for the injuries that he has sustained by them from January 2001 to the present as result of their refusing him access to the Government Document Collection housed at the Lav Library and their use during this time of threats to have him arrested for trespass without probable if he peacefully attempts said access. Strahan is alleging that the basis of the Defendants current discriminatory threats to have arrested him for trespass if he attempts acc to the Law Library is based on a conspiracy with security guard employees of Harvard

University. Together they are acting in a conspiracy to seek to retaliate against Strahan and otherwise to prevent him from exercising his First Amendment protected right to petition the courts and to bring any lawsuit against the security guards on claims arising from a January 2( trespass arrest of Strahan by them that was devoid of any probable cause. Strahan was arrested for trespass by a private security guard on its own volition in the Law Library only because th security guard wrongfully assumed that Strahan was a homeless and indigent person ("Bum") and then acted to enforce an unlawful practice of Harvard University to summarily arrest for trespass without probable any person perceived to be a Bum on Harvard University property. The trespassing charge was later dismissed by a state criminal court. Strahan is seeking an award of $50,000 from each of the Defendants for compensatory damages and an award of or million dollars from each of the Defendants for punitive damages.

### Background

3. The Law Library at Harvard Law School is a member of the U. S. Governmen Printing Office's Federal Depository Library Program. See 44 U. S. C. §§ 1901 *et seq*. The FDLP provides member libraries a collection of government publications ("Government Document Collection") free of charge on an annual basis. The monetary value of the Government Document Collection annually supplied by the GPO to its FDLP member librari is well over $100,000. In exchange for this free service FDLP libraries are required by fedei statute — and agree as a matter of contract with the GPO — to allow all members of the Pub equal access to this collection during their regular business hours. This requirement is impos on FDLP member libraries by statute —

> "Depository libraries shall make Government publications available for the free use of the general public, and may dispose of them after retention for five years under section 1912 of this title, if the depository library is served by a regional depository library." *Id.* at §1911

4. The GPO has issued written guidelines and instructions on how its member libraries *must* manage their FDLP collections, including the GPO's *Instructions to Depository Libraries*. In this document the FDLP's guarantee of the Public's free access to the governmen Document Collection at the Law Library is clearly stated —

> "Free access to the resources of the depository collection by the general public is a fundamental obligation that all Federal depository libraries share (except the highest State Appellate Court libraries). Access policies, posting of signs, and public service hours for depository patrons must conform to this requirement. 44 U. S. C. § 1911." *Id.*

3. Since at least 1990, Strahan has repeatedly visited without incident the Law Library and registered with its staff for use of the Government Document Collection. Strahan utilizes the Government Document Collection to do research on environmental policy, governmental operations and to assist him in prosecuting his claims in Public Interest law sui that he brings to enforce the protective prohibitions of federal wildlife laws. Strahan uses the results of his research to develop conservation plans for endangered wildlife, to develop proposed statutes and regulations to protect the environment, and to research articles and pap that he is writing for publication.

6. Strahan is currently acting as a "citizen attorney general" in two pending civil actions in the U. S. District Court in Massachusetts in which he is prosecuting the Defendant: r unlawfully killing and injuring federally protected endangered species of wildlife under the Endangered Species Act. One of these civil actions is *Strahan v. Herzfelder*, 05 – 10140 – N  ; (D. Mass. 2005) — in which he is seeking to have the court enjoin Massachusetts state agenc from further licensing marine fisheries that unlawfully kill and injure endangered species of whales and sea turtles. The other is *Strahan v. Rumsfeld*, 05 – 10275 NMG (D. Mass. 2005) - n which he is seeking to have the court order the Navy to impose speed limits and otherwise it: ships in a manner that is safe for endangered whales and sea turtles.

7. On every visit that Strahan has made to the Law Library — he has applied to its staff for access to the Government Document Collection and otherwise has fully complied with operational rules for visitors and users of the law Library. Strahan has never been subject to a single written complaint from any staff of the Law Library or from other users of it. Strahan h never been a subject of any disciplinary action by Law Library staff or in any way been sanctioned by them at all. Till the current day The Law Library staff has never accused Straha in writing or otherwise of violating a single Law Library rule. Strahan was never denied acce to the Law Library until after he was arrested there for trespass by a security guard on 20 Janu 2001.

8. For example, on 5 October 2000 Strahan visited the Law Library and registere with its staff for an extended use of the Government Document Collection on a daily basis till October 16, 2000. He was issued an official library card ("Library Card") to provide him acce to the Law Library's general "stacks' and its reading room. This card contained an embedded magnetic strip that allowed him to swipe a reader on the security turnstile at the entrance to th stacks in order to gain admission to the stacks. The Law Library does not segregate the Government Document Collection from its regular holdings but integrates it into them. As a result, it is the Law Library's practice that in order to fulfill the requirement as a FDLP of providing all members of the Public access to its Government Document Collection it simply chooses to provide the Public access to its general collection of documents as it would its priv patrons.

9. Strahan used the Library Card to enter the stacks without any need of further checking in with Law Library staff during the period from October 5 – October 16. Pursuant Law Library policy, Strahan researched the Government Document Collection and other

materials in the Law Library without incident during this period of time. At the end of this per he was informed by the staff of the Law Library that he was personally welcomed to register f future use of the Law Library. Strahan was invited by the staff at that time to seek a permanen authorization to use the Law Library, in part due to his positive professional conduct during hi visits to the Depository Law Library.

10. As a member FDLP library the Law Library posts a sign at its entranceway tha states the following —

"Harvard Law School Library"

"United States Government Depository"

"Documents Deposited in this Library are available to the Public. Please inquire at the Circulation Desk in Langdell Hall. "

"The Harvard Law School Library is open to the members of the Harvard University community and those using documents deposited by the U. S. Government and the European Community. All others need to request permission to use the Library at the circulation Desk in Langdell Hall. "

11. The area of the Law Library made available consists of the secured stacks and public reception area that visitors walk into before they can enter the secured stacks ("Public Reception Area"). The Public Reception Area is accessible to all members of the Public visiti the Depository Law Library. In this area the library maintains a desk to conduct business wit library visitors. It is at this desk that members of the Public can register and arrange for use o the Law Library's Government Document Collection. Many segments of society — lawyers   1 government employees for example— are expressly provided access to the Law Library und varying conditions of use. The members of the Public wishing to view the Government Document Collection and students of Harvard Law School have free access. A lawyer and ot commercial users can get access by paying a simple fee of around $20/day.

12. The Public Reception Area serves all members of the Public visiting the Law Library as a reception area for discussion and the eating of food without any need of seeking formal approval from library staff for its use. It also has several computer stations available fo free use by all members of the Public visiting the Law Library. The Law Library does not requ any formal permission is required for any visiting member of the Public to use these computer No signs are posted in the Public Reception Area restricting use of these computers to any specific group of people. There is no security interface at al on these computers. Visitors just : down and use them. During all of my many visits to the Public Reception Area I never saw an library staff member attempt to restrict anyone's access in any way to the Public Reception A or its computers. The library staff came to know Strahan personally as a result of our positive interactions. They personally informed Strahan that he did not need any special license to use Public Reception Area or the computers in it. Strahan developed a friendly relationship with members of the library staff and was welcomed by them on his visits to the Law Library. On several visits to the Law Library, Strahan would simply use the computer terminals in the Pul Reception Area to do research, without registering to use the Government Document Collecti The staff of the Depository Law Library never objected to Strahan doing this. Strahan never : them object to anyone else doing so either.

*Strahan's 2001 Arrest for Trespass at the Law Library*

13. On January 20, 2001 Strahan was sitting at one of the computer terminals in the Publi Reception Area doing research and doing so in a quiet manner an unobtrusive manner — like the other people using the Public Reception Area at that time. At one point a Harvard Univer deputized security guard named Brian Spellman was walking by and saw Strahan and. single him out and attacked him — without any provocation on Strahan's part. He walked up to

Strahan and demanded an ID without explaining why and wanted to know what Strahan was doing. Strahan tried to explain to Spellman that he was doing research and also informed him that he was not a Harvard Law School student or employee. Immediately after saying this, Spellman grabbed Strahan and physically forced him to his feet and pushed Strahan against a wall. He ordered Strahan to put my hands up over my head and against the wall. He then held Strahan with one hand against the wall as he went through Strahan's pockets. He was mean and physically abusive to Strahan. He then handcuffed Strahan's wrists behind his back.

14. After handcuffing Strahan, Spellman made it clear to Strahan that he considered Strahan to be a homeless Bum and not wanted by him anywhere at Harvard University. He said that I was a "homeless bum" and that he could find me " a better place to spend the night." He refused Strahan's repeated requests that Spellman speak with Law Library staff to confirm that he was allowed by them to use the Law Library. He physically pushed Strahan out of the Law Library out onto the exterior sidewalk. Two other Harvard University security personnel arrived. They all joined in taunting Strahan and calling Strahan names. They told homeless jokes. Harvard Law School students were going by while Strahan was standing in handcuffs. The security guards talked to several of these students and made Strahan the subject of derision. They told these students that they "caught a smelly rat sleeping in the basement."

15. Eventually, Spellman and the other security guards told Strahan that he was under arrest for trespass. They did not first order Strahan to leave the premises or give him any chance to do so before making the trespass arrest. They were told by their radio dispatcher that there was no outstanding permanent trespass notice issued against Strahan by Harvard University after checked the trespass letters file ("Trespass Letters File") maintained by Harvard University security department. According to this department's own rules, only the chief or security can

issue a permanent trespass notice ("Trespass letter") to someone to justify a summary trespass arrest at a later date under the Massachusetts Criminal Trespass Law if that person is simply s[o] on Harvard University property. A record of any active permanent trespass notice to any pers[on] is kept in this Trespass Letters File. In January 2001, Strahan had never been the subject of an[y] Trespass Letter or other lawful written permanent trespass notice from any responsible Harva[rd] University employee. Despite the fact that the security guards were made aware that there was [no] Trespass Letter concerning me in the Trespass Letters File, they still made a summary trespas[s] arrest of Strahan without first affording him the opportunity to leave the premises. On the issu[e] of failure of permanent notice, Strahan's arrest was devoid of probable cause. The security guards also — in violation of their own rules — gave Strahan a verbal warning that he was no[t] wanted on Harvard University property and would be summarily arrested for trespass if he attempted to visit the Law Library in the future.

.16.    The next day, Strahan contacted the Law Library staff and told them what happened. I asked them to renew my registration and tell Harvard University's security department that he was authorized to use the Law Library. Law Library staff told Strahan tha[t] they would look into it. Later they told him that because of his trespass arrest that he was now banned from any access to the Law Library including the Government Document Collection. Strahan directly asked the Defendants for access to the Law Library and asked them to investigate the situation in order for Strahan to get access to the Law Library and its Governn[ment] Document Collection like any other member of the Public. He later told by Defendant Martin that he was now banned from the Law Library because he was supporting the demand by the security guards that Strahan not be allowed in the Law Library in the future. Defendant Mart[in] stated to Strahan that the security guards have no control of the Law Library but that he was

choosing to support their desire that Strahan not be allowed in the law Library in the future. Defendant Martin made it clear to Strahan that the Law Library staff on its own had no complaints against Strahan and that otherwise Strahan would be welcomed in the Law Library like any other member of the Public.

17. Eventually the Cambridge District Court dismissed the trespass charges against Strahan for lack of prosecution. The security guards repeatedly refused to show up for schedul court hearings including the day that trial was scheduled. In July 2001, the chief of Harvard University security department issued Strahan a Trespass Letter ("2001 Trespass Letter"). Sir his arrest in January 2001, Strahan had not been involved with any further incident involving Harvard University personnel. The 2001 Trespass Letter was a retaliatory act to cover up the reality of Strahan's trespass arrest being devoid of probable cause and to thwart his ability to defend himself against the trespass charges in the Cambridge District Court. The 2001 Trespa Letter was also issued as a retaliation against the imminent civil action that the Defendants an the security guards expected Strahan to bring against them because of their false arrest of Stra and subsequent conspiracy to keep him from entering the Law Library in the future.

*The Defendants Continuing Threats of Arrest to Deny Him Access to the Government Document Collection at the FDLP Member Law Library*

18. As a result of Strahan's loss of his ability to research the Government Docume Collection at the law Library, Strahan is being irreparably harmed in his ability to prosecute enforcement actions against violators of federal wildlife laws, to petition the government for protective measures for the environment, and to enjoy his constitutional right of equal access the FDLP library at Harvard Law School. Further Strahan's ongoing relationships with societ scientists, and academic activities at Harvard University has been injured and onerously impa   1

because of the existing threat posed by the 2001 Trespass Letter. Strahan asserts a continuing claim of tortuous injury against the Defendants from January 2001 to the present.

### The Parties

19. Plaintiff Richard Max Strahan serves as the National Campaign Director for GreenWorld — an environmental movement to protect and conserve endangered species of wildlife. His address is 928 Dorchester Avenue, Unit #5, Boston MA 02125.

20. Defendant Elena Kagan is being sued in her personal capacity and in her official capacity as dean of the Harvard Law School. Her business address is % Harvard Law School, Griswald Room 200, 1525 Massachusetts Avenue Cambridge MA 02138.

21. Defendant Lawrence Summers is being sued is his personal capacity as well as official capacity as the President of the Harvard University corporation. His business address % Presidents Office, Harvard University, Massachusetts Hall, Cambridge MA 02138.

22. Defendant Harry Martin is being sued in his personal capacity as well as his official capacity as the administrator of the Law Library at Harvard law School. His business address is % Harvard Law School, Areeda 511, Cambridge MA 02138.

### Jurisdiction and Standing

23. The Court has jurisdiction to entertain Strahan's claims against the Defendants and Strahan has standing to bring them as the injure party. The Court has jurisdiction to act o Strahan's claims because they constitute a federal question and through the provisions of the civil Rights Act, 42 U. S. C. §§ 1981 – 1985. The Court has venue because all the parties resi in the local district and all the alleged injuries occurred in the local district also.

## Claims for Relief

COUNT I: *42 U. S. C. § 1983 — Violation of the Fourth and Fourteenth Amendments*

24. All facts and claims alleged in paragraphs 1 – 23 are incorporated and realleged herein.

25. The Defendants are violating the Civil Rights Act by threatening to have Strahan arrested for trespass without probable cause in order to interfere with and deny him his right under Federal Depository Library Act and the Massachusetts Public Accommodation Law to access the Government Document Collection at the Law Library during the library's regular business hours. See at 44 U. S. C. § 1911. They have done so continuously since January of 2001. Because Strahan is not "without right" under law to be at the Law Library — as require by the Massachusetts Trespass Act to justify any arrest pursuant to it — there is no possible probable cause for the Defendants to have Strahan arrested for trespass as promised if he attempts to peacefully access the Government Document Collection at the Law Library. Furth the Law Library is a public accommodation as defined under Massachusetts' Public Accommodation Law which itself would prohibit trespass arrests of persons at a public accommodation unless the person was acting disorderly or using the facilities in a manner inconsistent with the its use by the Public. The fact that the Defendants simply do not want Strahan to be at the Law Library is insufficient grounds to provide required probable cause necessary to justify a trespass arrest. See 266 M. G. L. § 120.

26. The Fourth and Fourteenth Amendments protect the Public from any arrest without probable cause under "color of state law" by a "state actor." The Defendants are "stat actors" because they are acting in concert and conspiracy with private security guards deputiz under state law to make the threatened trespass arrest — and who themselves want Strahan

banned from the Law Library and the entirety of all of Harvard University property. The Defendants are the lawful possessors of the Law Library and not any deputized security guard employed by Harvard University. The Defendants must ask to have Strahan to be arrested for trespass and also must designate Strahan — pursuant to the required notice provision of the trespass law — as *persona non grata* at the law Library in order to fulfill one requirement of t trespass law to generate the probable cause necessary to make the trespass arrest.

27.     The Defendants also engage in an unlawful practice of making summary trespa arrests without probable cause of unsuspecting members of selected groups without the requir prior notice. The Public is generically invited by Defendant Harvard Law School to visit and ι its publicly accessible facilities — like the Law Library and its Public Reception Area. The Defendants choose to make summary trespass arrests without prior notice of anyone they find be members of social castes that they personally disfavor (e. g. activists, homeless and poor people) in order to keep these groups as a whole from enjoying their lawful right to use the Lɑ Library, and other facilities at Harvard University that are otherwise open to all other membeɪ of the General Public. This prejudice and bigotry is against the Public Interest and is repulsivɛ

28.     Unless the Court grants Strahan his requested relief, the Defendants and their agents are likely to continue and make good on their threats to have him arrested for trespass without probable cause if he attempts to peacefully visit the Law Library in the future and wi continue to authorize unlawful summary trespass arrests of Bums and Strahan in the future iɪ they are seen using the Law Library.

### COUNT II: *42 U. S. C. § 1983 and Violation of Plaintiff's Equal Rights and Due Process under the Fourteenth Amendment*

29.     All facts and claims alleged in paragraphs 1 – 28 are incorporated and reallegɛ herein.

30. The Defendants are violating the Civil Rights Act by their interference with Strahan's constitutional rights of due process and equal treatment under the law that is protect( by the Fourteenth Amendment with their use of threats of trespass arrest without probable cau: to deny him statutory right to access the Government Document collection at the Law Library that they otherwise allow all other members of the Public to enjoy. The Defendants Martin an the others refuse to comply with the non-discretionary mandates imposed on them by the Fede Depository Library Act to provide Strahan with equal access to the law Library as they do eve other member of the Public. The threats of trespass arrest threaten to deny Strahan his Fourteenth Amendment protected right of due process because said trespass arrests are devoid due process owing to Strahan's statutory right to be in the Law Library as provided by the Federal Depository Library Act. They are doing this in part as a retaliation against Strahan for his exercising his First Amendment protected right of speech in his social advocacy and his ri; to petition the courts in bringing law suits against the deputized security personnel that falsely arrested him for trespass on 20 January 2001 at the Law Library. Because of the continuing threats by the Defendants to arrest Strahan for trespass without probable cause since 2001, Strahan has suffered horribly in not being able to enjoy his right and license under the Federal Depository Library Act to research the Government Document Collection for many years. Hi: ability to bring enforcement actions as a citizen attorney general as violators of federal wildlit laws has been blunted and cases lost because of his ability to do necessary research. Strahan a has been rendered by the Defendants said lawless acts unable to bring civil necessary to prote his constitutional rights from trespass by federal and state actor. For example, he cannot prote his right to petition for signatures in Faneuil Hall Marketplace because he cannot do the resea

to bring any meaning civil action against the state actors who block his said petitioning with th own threats against Strahan with trespass arrests devoid of probable cause.

31. The Defendants have conspired together and with security guard personnel of Harvard University to make good refusal to allow Strahan to access the law Library with threa of trespass arrest. These security guards are state actors as they have been deputized as "speci state police" pursuant to Massachusetts statute. See 22C M. G. L. § 63. The Defendants and these deputized personnel are conspiring together and share the same *animus* to keep Strahan of the Law Library with threats of trespass arrest principally as in retaliation for Strahan's sai First Amendment protected activities.

32. Unless the Court grants Strahan his requested relief, the Defendants will contin to unlawfully attempt unlawfully single out Strahan from use of the Depository Law Library threats of unlawful arrests without probable cause for trespass.

COUNT III: *42 U. S. C. § 1983 — Violation of First Amendment*

33. All facts and claims alleged in paragraphs 1 – 32 are incorporated and reallege herein.

34. The Defendants Martin and the others are engaged in an unlawful retaliation against Strahan's First Amendment protected rights of speech and access to the courts by usi their said threats of trespass arrest and attempts to prevent Strahan from obtaining peaceful access to the Governments Documents Collection at the Law Library. They are well aware th Strahan is an effective citizen attorney general who prosecutes violators of environmental la and laws protecting the rights of citizens to Free Speech and Freedom from retaliatory arrest police as a result of their attempt to enjoy constitutionally protected liberties. The Defendan are deliberately acting to keep Strahan out of the Law Library to aid other Harvard Universit

employees from being sued by Strahan and to protect other commercial vested interests from being adversely affected by Strahan's prosecutions. For example, the Defendants do not want Bums in the Law Library and by keeping Strahan out of the Law Library to punish Strahan for looking like a Bum and to stop him from effectively protecting the right of Bums to use the La Library in a court of law.

35. Unless the Court grants Strahan his requested relief, the Defendants will contin their retaliation against Strahan for engaging in his said First Amendment protected activities a continue to act to prevent him from petitioning courts to enforce federal wildlife laws and provisions of law protecting constitutional liberties.

### Claims under the Court's Supplemental Jurisdiction

COUNT IV: *Violation of the Massachusetts Civil Rights Act*

All facts and claims alleged in paragraphs 1 – 35 are incorporated and realleged herein

36. The Defendants are together conspiring and acting to interfere with Strahan's right to access the Government Document Collection at the Law Library with threats of trespa arrests if he attempts to peacefully enjoy this right. The threat of future trespass arrests is being done to deny him his federal statutory right of access to the Government Document Collection the Law Library in violation of the Massachusetts Civil Rights Act. The Defendants are "interfering" with Strahan's federal statutory right to access the Government Document Collection at the law Library. Any said threatened trespass arrest by the Defendants is devoid probable cause and deliberately done to deny him his Fourteenth Amendment right of equal treatment and due process under the law also.

37. Unless the Court grants Strahan his requested relief, the Defendants will contin to unlawfully attempt unlawfully single out Strahan from use of the Depository Law Library w threats of unlawful arrests without probable cause for trespass.

### Prayer for Relief

WHEREUPON the Plaintiff prays to the Court for the following relief:

I. For a Declaratory Judgment that the Law Library is a Public Accommodation a all members of the Public have an equal right to visit it and use the Governmen Document Collection maintained at the law Library during its regular business hours.

II. For a Declaratory Judgment that the Massachusetts Trespass Statute — 266 M. L. § 120 — can not be lawfully used to prevent any member of the Public from peacefully accessing to the government Document Collection at the Law Libra during its regular business hours.

III. For an order, requiring the Defendants to provide Strahan access to the Government Document Collection at the law Library during its regular busines hours in a manner similar to that enjoyed by all other members of the Public.

IV. For an award of compensatory damages of $100,000 from each of the Defenda

V. For an award of punitive damages of $1,000,000 from each of the Defendants.

VI. For any other type of relief the Court feels is appropriate and is agreed to by th Plaintiff.

VII. For an award of attorney fees and the Plaintiff's cost of litigation.

BY: _____
Richard Max Strahan
928 Dorchester Avenue, #5
Boston MA 02125
617.233.3854

*Pro Se and Proud!*

---

### VERIFICATION OF THE COMPLAINT

---

I Richard Max Strahan verify that the claims of fact made in this complaint are known the best of my ability to be true and accurate. Signed under the pains and penalties of perjury this twentieth-day of September in the year 2005.

_____
Richard Max Strahan